```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

OLYMPUS SECURITIES, LLC,

            Plaintiff,

        v.                              16 Civ. 1931 (VEC)


UNITED FIBER & DATA, LLC,
                                        Conference

            Defendant.

------------------------------x
                                        New York, N.Y.
                                        May 13, 2016
                                        10:50 a.m.
Before:

            HON. VALERIE E. CAPRONI,

                                        District Judge


                      APPEARANCES

FRIED, FRANK, HARRIS, SHRIVER Y JACOBSON LLP
     Attorneys for Plaintiff
BY:  JOSHUA D. ROTH

WILSON SONSINI GOODRICH & ROSATI
     Attorneys for Defendant
     -and-
CGA LAW FIRM
BY:  TIMOTHY H. ESKRIDGE, Jr.
```

1  THE COURT:  We've got a breach of contract arising out
2  of an investment banking deal, correct?
3  MR. ROTH:  Correct, your Honor.
4  THE COURT:  In terms of jurisdiction, the plaintiff is
5  telling me on information and belief where the defendant's LLC
6  members are from.  Is he right that it's Pennsylvania and
7  California?
8  MR. ESKRIDGE:  Yes.
9  THE COURT:  I can always hope that I lose
10 jurisdiction, but apparently I didn't in this case.  Have you
11 filed a motion to dismiss?
12 MR. ESKRIDGE:  I have, your Honor.
13 THE COURT:  You can either amend your complaint or you
14 can respond to his motion to dismiss.  You can't do both.
15 MR. ROTH:  Yes, your Honor.  We're presently intending
16 to respond to the motion to dismiss.
17 THE COURT:  OK.
18 Is the motion to dismiss as to the entire complaint or
19 only in part?
20 MR. ESKRIDGE:  The entire complaint.  There is only
21 one cause of action, and it refers to one alleged transaction
22 in which plaintiff is claiming commission, and that transaction
23 never occurred.
24 THE COURT:  How is that going to get resolved on a
25 motion to dismiss?

1           MR. ESKRIDGE:  It doesn't.  I don't understand how it
2      should even be before the Court.
3           THE COURT:  I have to read his complaint in the light
4      most favorable to the plaintiff.  You say he's wrong.  That
5      seems really fact-y.
6           MR. ESKRIDGE:  I don't think it even gets to subject
7      matter jurisdiction.  It's not ripe for adjudication.  There's
8      no controversy here.
9           THE COURT:  There's no controversy?
10          MR. ESKRIDGE:  They filed a complaint --
11          MR. ROTH:  We disagree.
12          MR. ESKRIDGE:  -- for a transaction that never
13     occurred.
14          THE COURT:  That's sort of like a slip-and-fall when
15     the person who owns the store says it didn't happen.  They
16     still get past the complaint.
17          MR. ESKRIDGE:  Well, I've submitted my motion, your
18     Honor.
19          THE COURT:  All right.  Let's go through this.  You've
20     proposed a fact discovery deadline of August the 4th.  That
21     seems reasonable, particularly for a transaction that never
22     happened, apparently, allegedly.  That's a real deadline.
23          MR. ROTH:  Understood.
24          THE COURT:  You need to meet, confer, work out a
25     schedule.  As I told the last case, I don't want to hear on

G5dWolyC

1    August the 1st that the three people who are supposed to be
2    deposed are on vacation.
3             MR. ROTH:  Understood.
4             THE COURT:  No jury trial requested?
5             MR. ROTH:  Correct, your Honor.
6             THE COURT:  Just be aware that under my individual
7    rules that means you also can't move for summary judgment.
8             MR. ROTH:  Understood.
9             MR. ESKRIDGE:  Then we'll have to change that request.
10            THE COURT:  Here's my view on this.  The reality is
11   it's not going to take you any more effort to do a bench trial
12   than it is to do a motion for summary judgment, and if you're
13   entitled to win on summary judgment, you're going to be
14   entitled to win on a bench trial.
15            MR. ESKRIDGE:  While I understand that, your Honor, I
16   don't think I'm in a position to waive that on behalf of my
17   client.
18            THE COURT:  Understood.
19            MR. ROTH:  Your Honor, under the contract at issue,
20   disputes relating to the engagement letter are not to be tried
21   before a jury.
22            THE COURT:  That sort of resolves it, doesn't it?
23   Maybe not?  We don't have to decide this right now.  I'm just
24   giving you fair notice.  If that's where we end up in August,
25   that's what my individual rules provide, absent extraordinary

G5dWolyC

1    circumstances.
2             Are the parties interested in a settlement conference?
3             MR. ROTH:  I think given the factual disputes, not
4    yet, your Honor.
5             THE COURT:  If that changes, just let me know.  If
6    both parties want a referral to the magistrate judge, I'll give
7    it to you.  If both parties don't want it, I won't.  We also
8    have a mediation program in the Southern District that is free,
9    if you think that would be helpful.  Do you have an existing or
10   ongoing business relationship with each other?
11            MR. ROTH:  We do not.
12            THE COURT:  So mediation probably wouldn't be helpful.
13            Anything further?
14            MR. ROTH:  No, your Honor.
15            THE COURT:  Anything further?
16            MR. ESKRIDGE:  Yes.  Your Honor indicated that we
17   would discuss the plaintiff's use of pseudonyms for nonparties
18   and witnesses in their complaint.
19            THE COURT:  Oh, yes.  Sorry.  I didn't write that
20   down.  What's the story with that?
21            MR. ESKRIDGE:  This is an investment issue, and they
22   have used pseudonyms to identify potential investors with whom
23   plaintiff had discussions.  I don't think there's any basis for
24   that.  I think they should be identified by name.
25            MR. ROTH:  First, to correct the misstatement,

1    defendant had discussions with those investors about potential
2    investments in the entity.
3            THE COURT:  You're reporting what you heard from
4    someone, that John and Suzy had conversations with the
5    defendant?
6            MR. ROTH:  No, your Honor, because we were
7    facilitating those relationships.  We were the finder that
8    introduced the entity to those.
9            THE COURT:  OK.
10           MR. ROTH:  And the reason that we chose to use
11   pseudonyms in the complaint is because there are two separate
12   agreements that contain confidentiality obligations relating to
13   the entity we identified as investor A and also to coinvestor,
14   and I have copies if your Honor would like to see.  This is a
15   confidentiality agreement between the defendant and investor A,
16   and this is a term sheet between investor A and the defendants,
17   and the confidentiality provision is on the last page.  That's
18   the reason we chose to identify those parties in that way.
19           THE COURT:  OK.  So you know who they are?
20           MR. ESKRIDGE:  We think we know who they are.
21           MR. ROTH:  I'm representing that I'm happy to tell you
22   and the Court who they are.  I would just rather it not be on
23   the record.
24           THE COURT:  I guess my question is, is your issue that
25   you want them to commit to you in writing who they are, or is

1    your position that they have to be in the complaint?
2             MR. ESKRIDGE:  My position is that they should be in
3    the complaint.  There's a constitutional presumption to
4    openness in judicial proceedings.
5             THE COURT:  It's not absolute, though.
6             MR. ESKRIDGE:  Right.  This Court and the Second
7    Circuit have ruled there are various factors where privacy can
8    outweigh the presumption, but the effect on the plaintiff's
9    economic position is not one of them.
10            THE COURT:  OK.  I say you make a motion.  I'm not
11   going to decide as I sit here today whether the presumption of
12   openness overcomes a contractual obligation to keep certain
13   parties' names confidential.
14            MR. ROTH:  OK, your Honor.
15            THE COURT:  For defendant's brief on that issue, how
16   long do you want?
17            MR. ESKRIDGE:  It won't take very much time at all.
18            THE COURT:  If you're going to brief it, do a good
19   job, but I don't care; tell me how long you want.
20            MR. ESKRIDGE:  A month.
21            THE COURT:  A month?  That's a long time.
22            MR. ESKRIDGE:  All right.  Two weeks.
23            THE COURT:  You're killing me.
24            MR. ESKRIDGE:  Sorry, your Honor.  Two weeks is fine.
25            THE COURT:  Two weeks, June 3.

G5dWolyC

1           How long do you want to respond?
2           MR. ROTH:  Two weeks, your Honor.
3           THE COURT:  That means 6/17, and one week to reply.
4  Your reply is due June 24.  OK?
5           You're not looking for additional time to respond to
6  the motion to dismiss, I presume.
7           MR. ROTH:  Correct, your Honor.
8           THE COURT:  Brief it in the ordinary course.
9           Anything further?
10          MR. ROTH:  Nothing further, your Honor.
11          THE COURT:  Anything further from the defense?
12          MR. ESKRIDGE:  No.  Thank you, your Honor.
13          THE COURT:  Thank you, all.  Have a nice weekend.
14          (Adjourned)